UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARIE ENCAR ARNOLD,

     *Plaintiff*,

     v.

WHITE HOUSE, *et al.*,

     *Defendants*.

Civil Action No. 25 - 1695 (LLA)

<u>MEMORANDUM OPINION</u>

Plaintiff Marie Encar Arnold, proceeding pro se, filed a civil complaint against the White House, the Executive Branch, and President Donald J. Trump in his official capacity.  ECF No. 1. For the reasons explained below, the court will dismiss the complaint and allow Ms. Arnold to file an amended complaint that cures the existing deficiencies within thirty days.

## I.     FACTUAL BACKGROUND

In May 2025, Ms. Arnold filed a complaint against Defendants alleging violations of the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, and seeking to compel Defendants to engage in a settlement conference, *see generally* ECF No. 1.  Her claims appear to relate to an administrative claim for $10 billion that she filed under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq. See generally* ECF No. 1-1.

## II.     DISCUSSION

Complaints by pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even a pro se litigant, however, must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239

(D.D.C. 1987).  Rule 8(a) requires that a complaint include: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(1)-(3). The rule ensures that defendants have "notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  A complaint that is "excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material" or one that "contains an untidy assortment of claims that are neither plainly or concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments" does not meet Rule 8's pleading standard.  *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (quoting *T.M. v. District of Columbia*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013)).  A court may dismiss a complaint that fails to adhere to the requirements of Rule 8 either upon a motion or *sua sponte*.  *See* Fed. R. Civ. P. 41(b); *see also Ciralsky v. Cent. Intel. Agency*, 344 F.3d 661, 669 (D.C. Cir. 2004) ("Rule 41(b) authorizes the court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules . . . .").

The court will *sua sponte* dismiss Ms. Arnold's complaint because it fails to meet Rule 8's pleading standard.  Specifically, the court cannot discern the substance of Ms. Arnold's claims or determine whether, if true, her allegations would entitle her to relief.  *See Brown v. Wash. Metro. Area Transit Auth.*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016).  The court will, however, grant Ms. Arnold leave to file an amended complaint that complies with Rule 8 within thirty days.  *Id.*

### III.    CONCLUSION

For the foregoing reasons, the court will *sua sponte* dismiss Ms. Arnold's complaint but grant Ms. Arnold leave to file an amended complaint within thirty days.

_____

LOREN L. ALIKHAN
United States District Judge

Date:   June 17, 2025