UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARIE ENCAR ARNOLD,

    *Plaintiff*,

  v.

WHITE HOUSE, *et al.*,

    *Defendants*.

Civil Action No. 25 - 1695 (LLA)

## MEMORANDUM OPINION

In June 2025, the court *sua sponte* dismissed Plaintiff Marie Encar Arnold's pro se complaint for failure to comply with Federal Rule of Civil Procedure 8(a), but the court permitted Ms. Arnold to file an amended complaint within thirty days. ECF Nos. 3, 4. Ms. Arnold timely filed an amended complaint, ECF No. 6, but the court will dismiss it because it suffers from the same Rule 8(a) defects as her initial complaint.

### I.    FACTUAL BACKGROUND

In May 2025, Ms. Arnold filed a complaint against the White House, the Executive Branch, and President Donald J. Trump in his official capacity, alleging violations of the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, and seeking to compel Defendants to engage in a settlement conference, *see generally* ECF No. 1. Her claims appear to relate to an administrative claim for $10 billion that she filed under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq. See generally* ECF No. 1-1. In June 2025, the court *sua sponte* dismissed Ms. Arnold's complaint without prejudice under Federal Rule of Civil Procedure 8(a) and granted her leave to file an amended

1

complaint that complied with the Federal Rules of Civil Procedure within thirty days.  ECF Nos. 3, 4.  Ms. Arnold thereafter filed an amended complaint.  ECF No. 6.

## II.    DISCUSSION

Complaints by pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even a pro se litigant, however, must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) requires that a complaint include: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(1)-(3).  The rule ensures that defendants have "notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  A complaint that is "excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material" or one that "contains an untidy assortment of claims that are neither plainly or concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments" does not meet Rule 8's pleading standard.  *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (quoting *T.M. v. District of Columbia*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013)).  A court may dismiss a complaint that fails to adhere to the requirements of Rule 8 either upon a motion or *sua sponte*.  *See* Fed. R. Civ. P. 41(b); *see also Ciralsky v. Cent. Intel. Agency*, 355 F.3d 661, 669 (D.C. Cir. 2004) ("Rule 41(b) authorizes the court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules . . . .").

The court will again *sua sponte* dismiss Ms. Arnold's amended complaint because it fails to meet Rule 8's pleading standard for largely the same reasons stated in the court's earlier opinion.

ECF No. 3, at 1-2.  The court granted Ms. Arnold leave to amend her complaint so that she could "cure[] the existing deficiencies" in her original complaint, *id.* at 1, but her amended complaint is substantially similar to her original complaint, *compare* ECF No. 1, *with* ECF No. 6.  The most salient difference between the two is that her amended complaint includes additional monetary "proposals," such as "$3 Billion [to] U.S. Defense" and "$1 Billion to NASA and out contracts Space X, Falcon 9."  ECF No. 6 ¶¶ 3-8.  But the court still cannot discern the substance of Ms. Arnold's claims or determine whether, if true, her allegations would entitle her to relief.  *See Brown v. Wash. Metro. Area Transit Auth.*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016).  At this point, the court does not find that further opportunities to amend will save Ms. Arnold's claims.  Accordingly, the court will dismiss her complaint with prejudice.  *See id.* (explaining that a court may dismiss with prejudice when the amended complaint "merely recycles" the original complaint).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's amended complaint, ECF No. 6, and this matter are dismissed with prejudice.  A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:  July 28, 2025